UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY JOHNSON** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **JUDGE** |
| **TRISURA SPECIALTY INSURANCE COMPANY, SOFIA TRANSPORT, LLC, VILLALOBOS GONZALEZ AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (in its capacity as uninsured/underinsured motorist carrier)** | **MAGISTRATE** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sofia Transport, LLC, Francisco Gonzalez Villalobos (incorrectly referred to as Villalobos Gonzalez), and Trisura Specialty Insurance Company (hereinafter, "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court.

I.

On or about March 21, 2022, Plaintiff, Tommy Johnson, filed a personal injury lawsuit against Trisura Specialty Insurance Company, Sofia Transport, LLC, Francisco Gonzalez Villalobos (incorrectly referred to as Villalobos Gonzalez), and State Farm Mutual Automobile Insurance Company in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket Number 826-284, Division N, entitled, "*Tommy Johnson versus Trisura Specialty Insurance Company, Sofia Transport, LLC, Villalobos Gonzalez and State Farm Mutual Automobile Insurance Company (in its capacity as uninsured/underinsured motorist carrier)*," (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an

1

automobile accident, which occurred on or about April 18, 2021 on I-10 in St. Martin Parish, Louisiana.

## I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.

### II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

### A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

### III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

### IV.

Plaintiff, Tommy Johnson, alleges that he was injured and is seeking damages including physical and mental pain and suffering, loss of enjoyment of life, disability to the body, medical expenses, lost wages, loss of future earning capacity, and loss of consortium. (See Exhibit A, at ¶ II and V).

V.

Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause

of action does not exceed $75,000, exclusive of interest and costs, as required by La. C.C.P. art.

893, nor has he averred or offered a binding stipulation that he affirmatively renounces the right

to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*,

no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal,*

*LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On May 25, 2022, Defendants propounded Requests for Admission on Plaintiff, through

his counsel of record, directed specifically to the issue of the amount in controversy pursuant to

La. C.C.P. art. 1466. Plaintiff provided responses to Defendants' Requests for Admission on June

22, 2022, as follows:

**REQUEST NO. 1**

Your damages exceed ten thousand ($10,000) dollars, exclusive of interest and costs.

**RESPONSE TO NO. 1**

Plaintiff objects to this Request as vague and ambiguous. Plaintiff cannot admit or deny the Request as written because the Request calls for an opinion and/or legal conclusion and neither pertains to a relevant matter of fact or the genuineness of a document as permitted by Louisiana Code of Civil Procedure article 1466.

**REQUEST NO. 2**

Your damages exceed seventy-five thousand ($75,000) dollars, exclusive of interest and costs.

**RESPONSE TO NO. 2**

Plaintiff objects to this Request as vague and ambiguous. Plaintiff cannot admit or deny the Request as written because the Request calls for an opinion and/or

legal conclusion and neither pertains to a relevant matter of fact or the genuineness of a document as permitted by Louisiana Code of Civil Procedure article 1466.

**REQUEST NO. 3**

A doctor has related the need for surgery for an injury caused by the accident made the basis of this litigation.

**RESPONSE TO NO. 3**

Plaintiff objects to this Request because it calls for an expert opinion and, after reasonable inquiry at this stage in the proceeding, Plaintiff is unable to admit or deny the Request.

**REQUEST NO. 4**

You have been recommended for any type of surgical procedure.

**RESPONSE TO NO. 4**

Plaintiff objects to this Request as vague and ambiguous. Denied as written. Plaintiff admits that his treating physicians have indicated that he is a candidate for a lumbar fusion. (Attached hereto as Exhibit "B")

VII.

Spine injuries vary by severity, though they often exceed $75,000.00 *See, e.g. Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) (automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000 general damage award); *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1 Cir. 9/23/97) (disc herniation, persistent pain, surgery unlikely, $125,000 award); *Hoyt v. Gray Insurance Company*, 809 So.2d 1076 (La. App. 4 Cir. 2002) (mild lumbar disc herniation, thoracic spine soft tissue injury, $150,000 general damage award).

VIII.

When considering the potential general damages award and medical expenses associated with a lumbar fusion, Defendants have conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

4

**B.     COMPLETE DIVERSITY EXISTS**

IX.

Defendant, Francisco Gonzalez-Villalobos, is a person of the full age of majority and is domiciled in the State of Texas, and therefore is a citizen of the State of Texas for purposes of diversity.

X.

Defendant, Sofia Transport, LLC, is a Texas limited liability company with one owner/member, Carlos Felipe, who is a person of the full age of majority and domiciled in the State of Texas. Therefore, Sofia Transport, LLC is a citizen of the State of Texas for purposes of diversity.

XI.

Defendant, Trisura Specialty Insurance Company, is a foreign insurance company that was incorporated in the State of Oklahoma and has its principal place of business in the State of Oklahoma. Therefore, Trisura Specialty Insurance Company is a citizen of the State of Oklahoma for purposes of diversity.

XII.

Defendant, State Farm Mutual Automobile Insurance Company, is a foreign insurance company that was incorporated in the State of Illinois and has its principal place of business in the State of Illinois. Therefore, State Farm Mutual Automobile Insurance Company is a citizen of the State of Illinois for purposes of diversity.

XIII.

Based on the information in the introductory paragraph of the Petition for Damages, Plaintiff, Tommy Johnson, is a person of the full age of majority domiciled in the State of Louisiana, and therefore is a citizen of the State of Louisiana for purposes of diversity.

XIV.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

## II.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XV.

The Notice of Removal was properly filed within thirty (30) days of Defendants' receipt of a paper from which they could first ascertain that the case is removable, namely the June 22, 2022 production of Plaintiff's responses to Defendants' Requests for Admission. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

XVI.

Defendant, Francisco Gonzalez Villalobos, was served via the Louisiana Long Arm Statute through certified mail.

XVII.

Defendant, Sofia Transport, LLC, was served via the Louisiana Long Arm Statute through certified mail delivered to its registered agent.

XVIII.

Defendant, Trisura Specialty Insurance Company, was served through the Louisiana Secretary of State on or about April 6, 2022.

XIX.

Defendant, State Farm Mutual Automobile Insurance Company, was served through the Louisiana Secretary of State on or about April 6, 2022.

XX.

Counsel for State Farm Mutual Automobile Insurance Company has informed undersigned counsel that State Farm Mutual Automobile Insurance Company consents to this removal.

XXI.

There is no other party needed to consent to the removal of this case.

XXII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

XXIII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

XXIV.

No previous application has been made for the relief requested herein.

XXV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## JURY DEMAND

XXVI.

Defendants are entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Francisco Gonzalez Villalobos, Sofia Transport, LLC, and Trisura Specialty Insurance Company, pray that the action entitled, "*Tommy Johnson versus Trisura Specialty Insurance Company, Sofia Transport, LLC, Villalobos Gonzalez and State Farm Mutual Automobile Insurance Company (in its capacity as uninsured/underinsured motorist carrier)*," bearing Docket Number 826-284, Division N, and pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from the state court docket to the United State District Court for the Eastern District of Louisiana.

*PERRIER & LACOSTE, LLC*

*s/ Patrick R. Schmidt*

_____

**GUY D. PERRIER, #20323**
**PATRICK R. SCHMIDT, #37861**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
gperrier@perrierlacoste.com
pschmidt@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
**Trisura Specialty Insurance Company,**
**Sofia Transport, LLC and Francisco**
**Gonzalez Villalobos**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 6th day of July, 2022, at their last known address of record.

*s/ Patrick R. Schmidt*
**PATRICK R. SCHMIDT**